UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON GIBSON,

    Petitioner,

 v.             CAUSE NO. 3:19-CV-873-DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Jason Gibson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF 19-5-566) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of engaging in threatening behavior in violation of Indiana Department of Correction Offense 213. Following a disciplinary hearing, he was sanctioned with a loss of forty-five days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Gibson argues that he is entitled to habeas relief because the hearing officer had insufficient evidence to find him guilty. He states that he did not write the letter that contained the threatening language and that another inmate confessed to writing it.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Mr. Gibson was charged with engaging in threatening behavior. The administrative record included a conduct report in which a correctional officer states that he confiscated a letter from Mr. Gibson after reading it. The report included the letter, which stated:

> If you ever in yo life think you going fuck or mess with a different nigga, idk if you believe me when I tell you but on Jason Jr [date omitted][1] I will kill you and if I can't get to you I will have somebody do! That's a real promise!! Not joking or playing!

The administrative record also included a statement from Robert Smith, another inmate, stating, "It was me, not him." Even setting aside what appears to be a reference to Mr. Gibson's son, the conduct report unambiguously identifies Mr. Gibson as the sender and thus constitutes some evidence that Mr. Gibson wrote the threatening letter. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilty is not a basis for habeas relief.

Because Mr. Gibson has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Gibson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and close this case; and

(4) DENIES Jason Gibson leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

October 23, 2019         *s/ Damon R. Leichty*
                         Judge, United States District Court

---

[1] In an abundance of caution, the court omits this date from the block quote because its context suggests that it is the birthdate of Mr. Gibson's son. *See* Fed. R. Civ. P. 5.2(a) (requiring parties to redact birthdates from filings).